IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY RENTH,
#04435-025

       Petitioner,

vs.                                        Case No. 17–cv–377–DRH

B. TRUE,

       Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Anthony Renth, who is currently incarcerated in the Federal Correctional Institution in Marion, Illinois, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). In the petition, he argues that under the recent decision of the Supreme Court in *Mathis v. United States*, 136 S. Ct. 2243 (2016), his enhanced career-offender sentence is unconstitutional. (Doc. 1).

Without commenting on the merits of petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

## The Petition

In his criminal case in the Southern District of Illinois, *United States v. Renth*, Case No. 13-cr-40024-JPG (S.D. Ill. Feb. 20, 2014), petitioner was found

1

guilty of conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846. (Doc. 1, p. 11). He was sentenced to 204 months imprisonment. *Id.* The career-offender enhancement was imposed pursuant to the United States Sentencing Guidelines ("USSG") at § 4B1.1, based on prior convictions for manufacture of methamphetamine and participation in methamphetamine manufacturing. (Doc. 1, p. 11). As a result of the career-offender determination, Petitioner's criminal history category was determined to be VI. (Doc. 1, p. 17). The Court is not aware of any § 2255 petitions previously brought by Petitioner.

Petitioner now argues that pursuant to *Mathis*, he should be resentenced without enhancement because only one of his underlying convictions constitutes a controlled substance offense under the reasoning in *Mathis*, as the elements of petitioner's underlying participation in methamphetamine manufacturing offense criminalizes a greater swath of conduct than the elements of the guidelines offense. (Doc. 1, pp. 11-15).

## Discussion

Rule 4 of the Rules Governing Section 2254 cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas cases.

Petitioner should bear in mind the following cautionary note. "Federal

prisoners who seek to bring collateral attacks on their conviction or sentences must ordinarily bring an action under 28 U.S.C. § 2255, 'the federal prisoner's substitute for habeas corpus.'" *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (*quoting Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Federal prisoners may utilize § 2241, however, to challenge the legality of a conviction or sentence in cases under the "savings clause" of § 2255(e). The savings clause allows a petitioner to bring a claim under § 2241, where he can show that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id*. *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).

The Court of Appeals for the Seventh Circuit has held that § 2255 is only inadequate or ineffective when three requirements are satisfied: 1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; 2) the case was decided after his first § 2255 motion but is retroactive; and 3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'" *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)); *In re Davenport*, 147 F.3d 605, 608

(7th Cir. 1998)).

The instant petition meets the first requirement as *Mathis* is clearly a case of statutory interpretation. *See Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (*Mathis* "is a case of statutory interpretation"); *Jenkins v. United States*, No. 16–3441 (7th Cir. Sept. 20, 2016) ("Mathis is not amenable to analysis under § 2244(b) because it announced a substantive rule, not a constitutional one.").

Whether the petition meets the second requirement is not entirely clear. As noted above, the Seventh Circuit has indicated that *Mathis* is a substantive rule. *Jenkins v. United* States, No. 16–3441 (7th Cir. Sept. 20, 2016). Controlling precedent indicates that substantive Supreme Court rules are applied retroactively. *See Narvaez v. United States*, 674 F.3d 621, 625 (7th Cir. 2011); *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016). However, it is possible that petitioner may be able to raise the claims brought in this action in "his first § 2255 motion," since he does not appear to have filed one previously. *See Holt v. United States*, 843 F.3d 720, 722 (7th Cir 2016) (government conceded petitioner citing *Mathis* "would prevail in an initial collateral attack" while arguing he was not entitled to relief in *second* § 2255 proceeding). The 1-year period of limitation that applies to motions under § 2255 resets on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Petitioner is still within one

4

year of June 23, 2016, the date *Mathis* was entered, so he is not yet foreclosed from attempting to bring an action citing *Mathis* under § 2255. Therefore, Petitioner may ultimately fail at showing his remedy under § 2255 is inadequate. Notably, however, the Seventh Circuit has suggested cases seeking to invoke *Mathis* fall under the savings clause and belong in actions under § 2241. *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) ("An independent claim based on *Mathis* must be brought, if at all, in a petition under 28 U.S.C. § 2241."). All that being said, the Petition pending before this Court was filed pursuant to 28 U.S.C. § 2241, and cannot be re-characterized as a § 2255 motion. In *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007), the Seventh Circuit held that "judges must respect the plaintiff's choice of statute to invoke – whether § 2241, § 2255, or 42 U.S.C. § 1983 – and give the action the treatment appropriate under that law."

The Court also cannot ascertain whether the third requirement for invoking the savings clause is met. In *Mathis*, the Supreme Court held that Iowa's burglary statute did not qualify as a predicate violent felony under the Armed Career Criminal Act ("ACCA") because it was broader than the "generic" offense of burglary in § 924(e)(2)(B)(ii). Thus, *Mathis* focused on what constitutes a prior violent felony under the ACCA. Notably, "[t]he Supreme Court's decision in *Mathis* dealt with the Armed Career Criminal Act (ACCA), not the federal sentencing Guidelines." *United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016). However, *Mathis* is likely also applicable to the career offender guidelines,

in that the "decision in *Mathis* clarified when and how the modified categorical approach is applied in the context of federal sentencing," and did not necessarily limit itself to cases involving the ACCA. *Id.*

Petitioner argues that *Mathis* applies to his case and enables this Court to review the determination that his participation in methamphetamine manufacturing conviction could act as a predicate for the career offender enhancement. He argues that the statute underlying this offense, 720 ILCS 646/15, is broader than the "controlled substance offense" definition under § 4B1.2 of the Guidelines. (Doc. 1, p. 15).

The Court is without sufficient information to determine whether there is grave error constituting a miscarriage of justice that stems from petitioner's sentencing as a career offender, or, more generally, whether a § 2255 motion is inadequate or ineffective. However, at this stage in the litigation, and because *Mathis* has broken ground in an area with little precedent, the Court finds it prudent to allow petitioner's claim to proceed. That is, during its initial review, the Court declines to find that Petitioner's *Mathis* claim is without merit. Therefore, the Court **ORDERS** respondent True of Marion USP to file a response to the petition.

**IT IS HEREBY ORDERED** that Respondent **TRUE** shall answer the petition or otherwise plead within thirty (30) days of the date this Order is entered. This preliminary Order to respond does not, of course, preclude the government from raising any objection or defense it may wish to present. Service

upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: May 26, 2017**

Judge Herndon
2017.05.26
11:25:04 -05'00'

**United States District Judge**