IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY R. RENTH,

        Petitioner,

vs.                                               Civil No. 17-cv-377-DRH-CJP

B. TRUE,

        Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Petitioner Anthony R. Renth filed a petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) challenging the enhancement of his sentence as a Career Offender under U.S.S.G. § 4B1.1. He purports to rely on *Mathis v. United States*, 136 S. Ct. 2243 (2016). Now before the Court is Respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Doc. 11. Petitioner responded to the motion at Doc. 13.

Respondent argues that the petition must be dismissed because petitioner waived his right to file a collateral attack.

## Relevant Facts and Procedural History

Petitioner pleaded guilty to one count of Conspiracy to Manufacture Methamphetamine in the Southern District of Illinois. *United States v. Renth*, Case No. 13-cr-40024-JPG. He was sentenced to 204 months imprisonment.[1]

Renth and the government entered into a written plea agreement which

---

[1] His sentence was later reduced to 144 months.

recited that his relevant conduct was more than 50 but less than 500 grams and the possible sentencing range was 10 to 30 years imprisonment, 6 years of supervised release, a fine of up to $2,000,000, and a $100 special assessment. Petitioner and the government agreed that it appeared that he would meet the Career Offender criteria and his initial offense level would therefore be 34 and that his criminal history would be Category VI. Petitioner and the government agreed that his sentencing range would be 188-235 months. A copy of the plea agreement is filed in this habeas case at Doc. 11, Ex. 1.[2]

The plea agreement also contained a waiver of the right to appeal or file a collateral attack:

> 1. The Defendant understands that by pleading guilty, Defendant is waiving all appellate issues that might have been available if Defendant had exercised the right to trial. The Defendant is fully satisfied with the representation received from defense counsel. The Defendant acknowledges that the Government has provided complete discovery compliance in this case. The Defendant has reviewed the Government's evidence and has discussed the Government's case, possible defenses and defense witnesses with defense counsel.
>
> 2. The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence

---

[2] The Court uses the document, exhibit and page numbers assigned by the CM/ECF filing system.

imposed is more severe than that recommended by the Government.

3. Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts and that renders the defendant actually innocent of the charges covered herein; and 2) appeals based upon Sentencing Guideline amendments that are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B 1.1 0). The Government reserves the right to oppose such claims for relief.

Doc. 11, Ex. 1, pp. 7-8.

On September 27, 2013, the Court found that the sentence range was 188 to 235 months and sentenced petitioner to 204 months imprisonment. Case No. 13-cr-40024-JPG, Doc. 75.

Renth did not file a direct appeal or a motion under 28 U.S.C. §2255.

## Analysis

Citing *Mathis v. United States*, 136 S. Ct. 2243 (2016), Renth argues that his prior felony drug convictions do not qualify as controlled substance offenses for purposes of the Career Offender enhancement under U.S.S.G. § 4B1.2. It is unnecessary to consider the substantive merits of his argument because this collateral attack is barred by the waiver in the plea agreement.

There is no doubt that a plea agreement may include a valid waiver of the right to appeal and to file a collateral attack, and that such waivers are generally enforceable, with limited exceptions. *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016). The limited exceptions are where the plea agreement itself was involuntary, the defendant argues ineffective assistance of counsel with regard to the negotiation of the plea, the sentencing court relied on a constitutionally

3

impermissible factor such as race, or the sentence exceeded the statutory maximum. *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). A waiver of the right to bring a collateral attack on a conviction or sentence bars a §2241 petition; the waiver does not make the remedy afforded by §2255 inadequate or ineffective so as to open the door to a § 2241 petition. *Muse v. Daniels*, 815 F.3d 265, 266 (7th Cir. 2016). Further, a subsequent change in the law does not render an appeal waiver involuntary. *United States v. Vela*, 740 F.3d 1150, 1151 (7th Cir. 2014).

The Seventh Circuit has enforced appeal waivers against challenges to career offender designations. *United States v. Smith*, 759 F.3d 702 (7th Cir. 2014); *United States v. McGraw*, 571 F.3d 624 (7th Cir. 2009); *United States v. Standiford*, 148 F.3d 864 (7th Cir. 1998). *McGraw* is instructive; there, the defendant argued that the convictions used categorize him as a career offender no longer constituted crimes of violence after *Begay v. United States*, 128 S.Ct. 1581 (2008). The Seventh Circuit enforced the waiver, noting that "We have consistently rejected arguments that an appeal waiver is invalid because the defendant did not anticipate subsequent legal developments." *McGraw*, 571 F.3d at 631.

In response to the motion, petitioner argues the waiver does not apply because he was sentenced above his correct Guidelines range. He appears to argue that the correct range was 151 to 188 months even with the Career Offender enhancement, and not 188 to 235 months as found by the Court at sentencing.

4

He argues that, "for a Criminal History Category VI, a range of 188-235 months does not apply to any [offense] level below 31." Doc. 13, p. 4. However, the plea agreement and PSI report indicate that his offense level was 31, and not, as he argues, 29. See, Doc. 9, p. 3; Doc. 11, Ex. 1, p. 4. The minutes of the sentencing hearing confirm that the Court determined that his Guidelines range was 188 to 235 months based on an offense level of 31 and a criminal history category of VI. Case No. 13-cr-40024-JPG, Doc. 75. Besides being factually incorrect, this argument fails under the clear language of the plea agreement. The exception to the waiver clearly states that the waiver does not apply "if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater)." Petitioner was not sentenced in excess of the Guidelines range *as determined by the Court*.

Petitioner also argues that the waiver does not apply to any subsequent change in the law as declared by the Supreme Court or the Seventh Circuit "that is declared retroactive by those Courts and that renders the defendant actually innocent of the charges covered herein." However, even if *Mathis* announces a change in the law, it is not a change that would render petitioner innocent of the charge of conspiracy to manufacture methamphetamine.

Renth also quarrels with respondent's statement that the government agreed to "numerous" conditions and concessions as part of the plea agreement. Whether the conditions and concessions can be characterized as numerous or not has no effect on the validity of the waiver.

Lastly, petitioner argues that his guilty plea was not knowing and voluntary because it was based on the understanding that his Sentencing Guidelines range was 188 to 235 months and that he genuinely qualified as a Career Offender. That argument rests on the correctness of Renth's claim for habeas relief, i.e., that he was incorrectly categorized as a Career Offender. The Seventh Circuit has squarely rejected such a circular argument. "[I]f the very argument raised in apparent violation of an appeal waiver must be decided on the merits in order to know whether the sentence is unlawful (and thus the waiver is unenforceable), we would 'eviscerate the right to waive an appeal' by creating a rule 'that an appeal waiver is enforceable unless the appellant would succeed on the merits of his appeal.'" *United States v. Carson*, 855 F.3d 828, 831 (7th Cir. 2017), citing *United States v. Worthen*, 842 F.3d 552, 555 (7th Cir. 2016).

## Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241(Doc. 11) is **GRANTED**.

Anthony R. Renth's Petition for a Writ of Habeas Corpus under 28 U.S.C. §2241 (Doc. 1) is **DENIED**. This action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.11.08 15:44:24 -06'00'

**United States District Judge**

**Notice**

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Fed. R. Civ. P. 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).